# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O'NEAL SMITH, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-05-462-HE |
| | ) | |
| RON WARD, DOC-DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner O'Neal Smith, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2241 alleging a violation of his due process rights and seeking habeas relief. In his petition Mr. Gonzales challenges a disciplinary conviction for escape which resulted in the revocation of earned credits. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach, who has issued his Report and Recommendation recommending that the petition be denied. The magistrate judge rejected the petitioner's claims, finding there was some evidence to support his disciplinary conviction and that, as the petitioner did not have a constitutional right to appeal the disciplinary conviction, any irregularities in the appeal process cannot not be the basis for habeas relief.

The petitioner has filed an objection, contending he was entitled to impartiality in the administrative appeal of his disciplinary conviction and that his conviction was not supported by substantial evidence.[1] Having undertaken a de novo review of these issues,

---

[1]*The petitioner also notes in his objection that prison officials have discretion in their determination of whether an inmate has "escaped," and that "[s]ome actions are reprisal,*

the court concurs with Magistrate Judge Bacharach's analysis of the petitioner's claims and adopts his Report and Recommendation.

Accordingly, the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*retaliatory and discriminatory when applied to facts of the case." Objection p. 4. He did not, however, assert in his objection that his equal protection rights were violated or allege a factual basis for an equal protection violation in his petition. Even if the petitioner was now raising a new equal protection claim, the court would not consider it because he failed to present that ground for relief to the magistrate judge and "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."* United States v. Garfinkle, *261 F.3d 1030, 1031 (10th Cir. 2001).*